**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | | |
|---|---|---|
| In Re: | * | |
|     ROBIN M. ELLIOTT-WILLIAMS | * | Case No.: |
| | * | Chapter    13 |
| | * | |
|     Debtor. | * | |

## CHAPTER 13 PLAN

**X  Original Plan    Amended Plan        Modified Plan**

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1.  The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and Debtor will pay as follows:

    a.  $    50.00 per month for a period of 4 months;
    $  200.00 per month for a period of 8 months;
    $ 7332.00 per month for a period of 48  months; for a total term of 60 months.

    The Debtor is working on increasing income and obtaining a loan modification.  The reason for the increase after 4 months is that the Debtor is filing a Motion to Determined Secured Status as to the vehicle.  Debtor will be making vehicle payments until the plan is confirmed, at which time she will stop/

2.  From the payments received, the Trustee will make the disbursements described below:

    a.  Allowed unsecured claims for domestic support obligations and Trustee's commissions
    b.  Administrative claims under 11 U.S.C. §507(a)(2), including attorney's fee balance of $ 2310.00  (unless allowed for a different amount upon prior or subsequent objection).  The payment of the attorney's fees shall be in accordance with Amended Appendix F of the Maryland Local Rules.
    c.  Claims payable under 11 U.S.C. Section 1326(b)(3).  Specify the monthly payment: None.
    d.  Other priority claims defined by 11 U.S.C. §507(a)(2)-(9).  The Debtor anticipates the following priority claims:

    Comptroller of Maryland                          $ 1,592.31

    e.  Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

        i.  Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and after confirmation of the plan, the claims will be treated as

specified in 2.e.ii or 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

| Claimant | Redacted Acct. No. | Monthly Payment |
|---|---|---|
| None. | | |

ii.    Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly:

| Claimant | Anticipated Arrears | Monthly Payment | Number of Months | Months Paid |
|---|---|---|---|---|
| Caliber Home Loans | $ 303,386.33 | $ 6,444.84 | 47 | 14-60 |

iii.    The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

| Claimant | Amount | % Rate | Monthly Payment | Number of Months | Months Paid |
|---|---|---|---|---|---|
| CapitalOne | $ 9,190.00 | 4% | $211.56 | 47 | 14-60 |

iv.    The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral) and any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

None.

v.    The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

None.

vi.    If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside the plan directly by the Debtor, and it will not be discharged upon completion

-2-

of the plan.

    vii.    In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

f.    After payment of priority and secured claims the allowed unsecured creditors shall share, pro rata, in the remaining funds.

3.    The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order.  The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien.  (Indicate the asserted value of the secured claim for any motion to value collateral.):

A motion to avoid the lien of Worhington HOA, Inc., filed June 22, 2010 in the amount of $1099.15

Motion to avoid the second mortgage of GMAC Mortgage as a wholly unsecured second.

4.    Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case.  For the purposes of the imposition of default interest and post-petition charges, the loan shall be deemed current as of the filing of this case.

5.    Secured Creditors  holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under Section 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law..

6.    The following executory contracts and/or unexpired leases are assumed  (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of Sections 362 and/or 1301 is automatically terminated:  There are no executory contracts.

None.

7.    Title to property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. §1328, or upon dismissal of the case, or upon closing of the case.

8.     Non-standard Provisions:

March 15, 2017                                   /s/ Robin M. Elliott-Williams
Date                                            Debtor


/s/ Kimberly D. Marshall
Attorney for Debtor